# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT HOFFMAN, CDCR #F-39330,<br><br>                                  Plaintiff,<br>vs.<br><br>D. KHATRI, et al.,<br>                                 Defendants. | Civil No.   09-0172 DMS (RBB)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANT TETTEH'S MOTION TO DISMISS PURSUANT TO *WYATT v. TERHUNE* AND SETTING BRIEFING SCHEDULE** |

On November 25, 2009, Defendant Tetteh filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6) [Doc. No. 26].[1] On December 1, 2009, Defendant Navamani filed a separate Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(6) [Doc. No. 27].

**I.    Defendant Tetteh's Motion to Dismiss –** *Wyatt* **Notice**

In his Motion to Dismiss, Defendant Tetteh claims that Plaintiff's Complaint fails to state an Eighth Amendment inadequate medical care claim against him *and* that Plaintiff has failed to exhaust his administrative remedies before filing suit as is required by 42 U.S.C. § 1997e(a). *See* Mem. of P&A's in Supp. of Def. Tetteh's Mot. [Doc. No. 26-1] at 7-16.

---

[1] A third Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) filed by Defendant Lai on October 1, 2009 [Doc. No. 21] does not raise exhaustion arguments and will be addressed in a separate Order.

While non-exhaustion under § 1997e(a) is an affirmative defense which Defendant has the burden of raising and proving, *Jones v. Bock*, 549 U.S. __, 127 S. Ct. 910, 919 (2007), "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)). If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies.").

Accordingly, the Court notifies Plaintiff that Defendant Tetteh has asked the Court to dismiss his case *in part* because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). While the Court may not "look beyond the pleadings" in this case, Plaintiff is advised of his opportunity to develop a record and to include in his Opposition to Defendant Tetteh's Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit. *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

**II.   Conclusion and Order**

Accordingly, **IT IS ORDERED** that:

1) Plaintiff is hereby provided with the notice required by *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) and an opportunity to present evidence of exhaustion in response.

2) Plaintiff, if he chooses, may file an Opposition to both Defendant Navamani and Defendant Tetteh's Motions to Dismiss [Doc. Nos. 26, 27], including any documentary evidence of administrative exhaustion he may be able to provide in

| | |
|---|---|
| 1 | response to Defendant Tetteh's Motion, and serve it upon each Defendant's |
| 2 | counsel of record no later than **Friday, January 29, 2010.** |
| 3 | 3) If Plaintiff files an Opposition, both Defendant Navamani and Defendant Tetteh |
| 4 | may each file a Reply and serve it upon Plaintiff no later than **Friday, February** |
| 5 | **5, 2010.** |

The Court will consider both Defendant Navamani and Defendant Tetteh's Motions fully briefed as submitted on the papers as of **Friday, February 12, 2010**, and will thereafter issue a written Order ruling on both Defendants' Motions without requiring any appearances or holding any oral argument pursuant to S.D. CAL. CIVLR 7.2(d)(1).

DATED: December 2, 2009

_____
HON. DANA M. SABRAW
United States District Judge