UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT HOFFMAN, CDCR #F-39330,<br><br>                              Plaintiff,<br><br>vs.<br><br>D. KHATRI; C. COOK; S. AYMAR; N. TETTEH; C. NAVAMANI; C. LAI; S. KO,<br><br>                              Defendants. | Civil No.   09-0172 DMS (RBB)<br><br>**ORDER GRANTING DEFENDANT LAI'S MOTION TO DISMISS FOR FAILING TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[Doc. No. 21]** |

**I.**

**PROCEDURAL BACKGROUND**

Garrett Hoffman ("Plaintiff"), a prisoner currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, proceeding pro se and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2009.

On July 22, 2009, the Court granted Defendant Khatri, Cook and Ko's Motion to Dismiss Plaintiff's Complaint for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6).[1]  Because Defendants Aynmar, Tetteh, Navamani and Lai had yet to be served, the Court simultaneously ordered Plaintiff to show cause why his claims against these parties should not be dismissed for

---

[1] The Court granted Plaintiff 60 days leave to file an Complaint in order to address the deficiencies of pleading against Defendants Khatri, Cook and Ko, but Plaintiff failed to do so.

failure to prosecute pursuant to FED.R.CIV.P. 4(m). *See* July 22, 2009 Order [Doc. No. 14] at 9-10.

On August 27, 2009, Plaintiff filed a Motion requesting an extension of time in which to serve Defendants Aynmar, Tettah, Navamani and Lai [Doc. No. 17]. On September 8, 2009, the Court granted Plaintiff's request and re-directed U.S. Marshal service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3) [Doc. No. 19].

On October 1, 2009, Defendant C. Lai filed a Motion to Dismiss for failing to state a claim pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 21]. Plaintiff has filed no Opposition.[2]

The Court has determined that Defendant's Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Ruben B. Brooks is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### PLAINTIFF'S FACTUAL ALLEGATIONS

On August 5, 2007, Plaintiff was incarcerated at Centinela State Prison ("CEN"). (*See* Compl. at 1.) While Plaintiff was working in the Facility "D" kitchen, he slipped on a puddle of water on the floor, fell and caused injury to his back. (*Id.* at 4.) A Medical Technical Assistant ("MTA") placed Plaintiff on a backboard. (*Id.*) However, Plaintiff claims he fell off the backboard because he was not strapped down by the MTA. (*Id.*)

Plaintiff was brought to Centinela's Central Health facility, lifted onto a gurney but again, fell off the backboard. (*Id.*) Doctor Goodhealth examined Plaintiff and prescribed Aurazine for his "excruciating pain." (*Id.*) Plaintiff was also prescribed ibuprofen but it failed to mitigate his pain. (*Id.*) From the date of his injury to the present, Plaintiff claims he continued to "inform medical staff and custody of his continued severe excruciating lower back pain." (*Id.*) From August 22, 2007 to April 20, 2008, Plaintiff alleges that he was denied his prescribed medications. (*Id.* at 5.)

---

[2] Defendants Tetteh and Navamani have each filed separate Motions to Dismiss [Doc. Nos. 26, 27]. These Motions have been set for hearing on February 12, 2009 and will be addressed in a separate Order at that time. Service upon the sole remaining Defendant, Aymar, was returned unexecuted on October 13, 2009 [Doc. No. 23].

On November 30, 2007, Health Care Appeals Coordinator C. Cook reviewed Plaintiff's medical records and found that prison officials had complied with orders written by Dr. Aymar on December 6, 2007 to refer Plaintiff to an Orthopedic doctor, and had provided Plaintiff with Tylenol, Naprosyn and physical therapy. (*Id.*) On December 12, 2007, Defendant Cook partially granted Plaintiff's administrative grievance. Plaintiff alleges that despite the "partial grant," Cook's response did not address his concerns. Plaintiff further alleges that Defendants Aymar, Navamani, Ko and Tetteh, his primary care physicians since August 5, 2007, "have done nothing which would correct the severe excruciating lower back pain" that Plaintiff continues to suffer. (*Id.* at 6.)

On February 8, 2008, Defendants Cook and Khatri "partially granted" Plaintiff's request for a cane, medications and to be examined by a "back specialist." (*Id.*) However, Plaintiff claims he did not receive a cane nor was he referred to a back specialist. (*Id.*) Defendant Navamani "finally ordered a routine orthopedic consultation" and more pain medication on February 26, 2008." (*Id.* at 7.)

On either March 27, 2008 or April 24, 2008, Plaintiff claims to have been examined by Dr. Lai in the Central Health orthopedic clinic. (*Id.* at 8; *see also* Pl.'s Ex. A [Doc. No. 1-1] at 5, 10.) Plaintiff claims Dr. Lai recommended a Magnetic Resonance Imaging ("MRI"). (*Id.*) On May 8, 2008, Plaintiff claims to have attended a follow-up visit with his primary care provider, who submitted a referral for the MRI. (*Id..* at 8, Pl.'s Ex. A at 5.) Plaintiff claims to have been examined again by his primary care provider on May 23, 2008 and June 9, 2008, but was "deprived of Dr. Lai's recommended MRI." (Compl. at 8.)

On August 25, 2008, a Director's Level Appeal Decision was issued denying Plaintiff's administrative grievance. (*Id.*; *see also* Pl.'s Ex. A [Doc. No. 1-1] at 5-6.) The Director's Level Decision indicates Dr. Lai's MRI referral was still "pending approval." (Pl.'s Ex. A at 5.)

As a result, Plaintiff claims "all Defendants" have "delayed and deprived" him of "corrective care [for his] sufficiently serious condition," causing him "needless suffering" in violation of the Eighth Amendment. (Compl. at 8-12.) Plaintiff seeks $500,000 in general and punitive damages. (*Id.* at 16.)

## III.

## DEFENDANTS' MOTION TO DISMISS

### A.    Defendant's Arguments

Defendant Lai seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) on two grounds: (1) he is entitled to Eleventh Amendment immunity to the extent Plaintiff seeks money damages against him in his official capacity; and (2) Plaintiff has failed to allege facts sufficient to show that he acted with deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. (*See* Def. Lai's Mem. of P&As in Supp. of Mot. [Doc. No. 21] 9-15.)

### B.    FED.R.CIV.P. 12(b)(6) Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), and at any exhibits which are attached. *See* FED.R.CIV.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

While allegations of material fact are accepted as true and construed in the light most favorable to the nonmoving party, *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), the court need not accept as true generic legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

(9th Cir. 2001); *Iqbal,* 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*; *Twombly,* 550 U.S. at 570 (when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.").

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

**C.     Eleventh Amendment Immunity**

Defendant Lai first seeks dismissal to the extent Plaintiff seeks money damages, yet has sued Lai in his "official capacity." (Def.'s P&As at 9-10, 14-15.)

While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan Dep't of State Police*, 4[91] U.S. 58, 66 (1989), it does not bar damage actions against state officials sued in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh

Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).

Plaintiff brings this § 1983 suit against all Defendants in both their individual and official capacities. (Compl. at 2-3.) The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right. *Hafer*, 502 U.S. at 25.

Consequently, the Court GRANTS Defendant Lai's Motion to Dismiss on Eleventh Amendment ground–but only to the extent that Plaintiff seeks damages against him in his official capacity. The Eleventh Amendment imposes no bar to Plaintiff's damages action against Dr. Lai in his personal capacity. *See Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995).

### D.     Eighth Amendment Inadequate Medical Treatment Claims

Defendant Lai also seeks dismissal on grounds that Plaintiff has failed to plead facts to show the deliberate indifference required to support an Eighth Amendment violation. (*See* Def's. P&As at 10-13.) The Court agrees.

#### 1.     Standard of Review

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner alleges delay in receiving medical treatment, he must show that the delay led to further harm. *Id.* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

### 2. Application to Plaintiff's Complaint

Defendant Lai does not challenge the objective basis for Plaintiff's Eighth Amendment claim, *i.e*, that he suffers from a "serious medical need." (Compl. at 8.) Instead, Lai argues that Plaintiff's allegations do not show any deliberate indifference on his part. Specifically, Lai argues that Plaintiff admits he is being treated primarily by primary care providers at CEN who referred him for an orthopedic consult. As a result, Dr. Lai, an orthopedic surgeon, is alleged to have examined Plaintiff on only *one* occasion, on either March 27, 2008 or April 24, 2008. (*See* Compl. at 8; *cf.,* Pl.'s Ex. A at 5.) At that time, Plaintiff further claims it was Dr. Lai who ultimately recommended an MRI. (*Id.*) Plaintiff makes no further allegations against Lai, and most importantly, does not allege any facts to suggest that Dr. Lai was responsible for approving, conducting or delaying the MRI he himself recommended. *See Iqbal*, 129 S. Ct at 1948 ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Nor has Plaintiff alleged that he was harmed by any delay. *McGuckin*, 974 F.3d at 1060; *Wood v . Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ( Eighth Amendment is not violated merely because a prisoner's treatment "was not as prompt or efficient as a free citizen might hope to receive.").

///

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. To the extent that Plaintiff suggests Dr. Lai should have "assured" that his recommendation for an MRI was later authorized by Plaintiff's primary care doctors at CEN *after* Dr. Lai examined him in the orthopedic clinic, or should have prescribed some unspecified alternate courses of treatment, including additional pain medication or diagnostic tests in addition to the MRI (Compl. at 3), his claims sound in negligence and simply do not rise to the level of cruel and unusual punishment. *Estelle*, 429 U.S. at 106. For it is well-settled that a difference of opinion between a physician and a prisoner concerning the appropriate course of treatment does not amount to deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Even when medical officials disagree as to the proper course of treatment, as may have been the case with respect to the final authorization of Plaintiff's MRI, deliberate indifference is manifest only shown when the prisoner pleads facts sufficient to show "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that "they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Id.* at 332; *see also* Estelle, 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures," is a "classic example of a matter for medical judgment" which by itself "does not represent cruel and unusual punishment.").

In sum, in order to state an Eighth Amendment deliberate indifference claim against Dr. Lai, Plaintiff must do more than simply conclude Lai was "wanton" (Compl. at 3), or claim that Lai "unlawfully harmed" him. *Iqbal*, 129 S. Ct. at 1949. Instead, Plaintiff must support this conclusion with well-pleaded facts which plausibly suggest deliberate indifference on Dr. Lai's part. *Id.* at 1949-50; *Moss*, 572 F.3d at 969. This he has failed to do.

Accordingly, Defendant Lai's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

## IV.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby **GRANTS** Defendant Lai's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 21].

**IT IS SO ORDERED.**

DATED: December 9, 2009

_____
HON. DANA M. SABRAW
United States District Judge